Curia per

Butler, J.
So far as it regarded Beaty, this was originally a simple contract, and was barred by the statute of limitations in 1832, or at furthest, in 1833. During the existence of the co-partnership, Jennings was, to some extent, confining himself to the business of the firm, the agent of Beaty, and might subject him to liability for contracts made on the credit of his name. After their partnership connection had ceased, as it did, by a notorions dissolution in 1832, Jennings had no power to create a new liability against Beaty. Now, what is the state of the case ? Nine years after a right of action had accrued, and four years after it was completely barred by the statute of limitation, and when in effect it was paid, and five years after the dissolutian of the co-partnership, *an attempt is made to make Beaty liable on the acknowledgment of Jennings. In effect, the proposition contended for, is to perpetuate the agency of one partner, to create new debts against another. In 1833, this demand against Beaty might be regarded as entirely extinguished ; and at that time, Jennings had no control over his former partner’s contracts, which were not then subsisting. His acknowledgment, therefore, made in 1837, can have no effect on the liability of Beaty, who, it would seem, had no notice of this demand until a short time before this action was brought.
It was contended, however, that the plaintiff had no notice of the dissolution. After such a lapse of time, where the parties live in the same neighborhood, as they did here, all concerned may be very well presumed to have notice of the fact of dissolution.
The last ground of appeal, perhaps, requires some explanation. On the former trial of this case, the counsel of Beaty, in his argument to the jury, remarked, that his client would scorn to take advantage of the statute, if it could be made appear that the money borrowed had been applied to the business of the firm. This was the extent of Beaty’s pledge not to plead the statute, and there is certainly nothing in it to preclude him from availing himself of it now. It was not made by himself, and he is not satisfied that Jennings applied the money to the firm. Judge Earle’s order being sufficient authority for filing the plea, the motion is dismissed.
The whole Court concurred.